UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM T. CUNNINGHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-00187 (APM) |
| ZACHARY WRIGHT, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Before the court is Defendant Zachary Wright's Motion to Dismiss, ECF No. 5. For the reasons that follow, the motion is granted.

*First,* Plaintiff's intentional infliction of emotional distress claim is dismissed for the same reasons that the court dismissed a nearly identical claim that Plaintiff brought against Wright in a 2019 suit, *see* Mem. Op., *Cunningham v. Wright (Cunningham I)*, No. 19-cv-3357 (D.D.C.), ECF No. 7 [hereinafter *Cunningham I* Op.]. For one, Plaintiff brings a common law tort claim against Wright acting in his official capacity as an administrative judge of the Equal Employment Opportunity Commission, *see* Notice of Removal of a Civil Action, ECF No. 1, Compl., ECF No. 1-1, at 1, and therefore under the Westfall Act and the certification submitted in this case, the United States is the proper defendant. *See Cunningham I* Op. at 1–2; Notice of Removal of a Civil Action, ECF No. 1 [hereinafter *Cunningham I* Notice of Removal], Westfall Certification, ECF No. 1-2. *See generally Osborn v. Haley*, 549 U.S. 225 (2007). The United States has not, however, waived its sovereign immunity under the Federal Tort Claims Act ("FTCA") for Plaintiff's claim because the claim arises from alleged "misrepresentation" and "deceit." 28 U.S.C. § 2680(h);

*Cunningham I* Op. at 1–2; Pl.'s Resp. to Order, ECF No. 7 [hereinafter Pl.'s Resp.], at 1 (alleging "[j]udicial [m]isconduct was committed while conspiring and colluding with the Department of Labor (DoL) counsel"); *Cunningham I* Notice of Removal, Compl., ECF No. 1-2, at 3 (alleging Wright "can be clearly heard lying to" Plaintiff). The court also lacks jurisdiction because Plaintiff has failed to exhaust administrative remedies under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal of the plaintiff's FTCA claim for lack of subject matter jurisdiction because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

*Second*, dismissal is warranted because Plaintiff's tort claim was previously dismissed on jurisdictional grounds in *Cunningham I* and therefore is barred on the ground of *res judicata*. *See GAF Corp. v. United States*, 818 F.2d 901, 912 (D.C. Cir. 1987) (stating a "judgment ordering dismissal[] will . . . preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal"). Plaintiff identifies no basis for having "cure[d]" the jurisdictional deficiencies identified in *Cunningham I*. *See id.* at 912–13.

*Third*, to the extent Plaintiff asserts a claim under the Fifth Amendment against Wright in his individual capacity, that claim is dismissed for two reasons. As an administrative law judge, Wright is immune from suit. The Supreme Court long ago "extended absolute immunity" to administrative law judges performing judicial acts. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)). In addition, the court lacks jurisdiction over Wright because Plaintiff has failed to serve him with process. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(i)(3); Pl.'s Resp. at 2 (conceding failure to serve).

*Finally*, to the extent Plaintiff brings a claim under 42 U.S.C. § 1983, that claim is likewise dismissed because Wright is immune from suit for his judicial acts and because Plaintiff has not served Wright.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 5, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: July 13, 2021

Amit P. Mehta
United States District Court Judge